Marvin I. Honig, Esq. County Attorney, Rensselaer County
You have asked whether one person may simultaneously serve as an assistant public defender and as town attorney of a town within the county. We understand that there are several assistant public defenders in your county and that the policy of your district attorney is to handle all criminal prosecutions in all courts in the county except for traffic infractions.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
We find no inherent inconsistency between serving as an assistant public defender and holding the office of town attorney so long as the district attorney continues his policy of handling all criminal prosecutions except traffic infractions. A public defender is required to represent only those indigent defendants who are accused of a "crime" (County Law, § 717). A "crime" excludes traffic infractions (id., § 722-a).
We are aware that an earlier informal opinion stated that a public defender could not also serve as a village attorney (1966 Op Atty Gen [Inf] 166). In that instance, we relied in part on the provision in the Village Law that permits a village board to authorize a village attorney to prosecute violators of village ordinances or local laws but only if he is made an assistant district attorney (Village Law, §20-2006[2]). It seems obvious that a district attorney would not appoint an assistant public defender as an assistant district attorney. We also relied in part on the possibility that a village attorney might sue a person for a civil penalty and have to defend the same person in a criminal action. We now consider that opinion too broad. Two offices are not inherently inconsistent because of a possibility, particularly if the possibility can easily be avoided. Possibilities are matters of conflicts of interest, not incompatibility.
It is possible that a case might arise involving an indigent defendant whom a town or village attorney had prosecuted for a traffic infraction. This conflict is easily avoided by assigning the case to a different assistant public defender. If a town or village attorney found himself initiating an action against a person he once defended, he could request the town or village board to engage special counsel. Members of the bar frequently have conflicts of this sort and avoid the conflict by declining to take the case.
We conclude that an assistant public defender may serve as a town or village attorney so long as the town or village attorney does not regularly prosecute criminal cases before the town or village court.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.